THE BERKSHIRE WOOLEN COMPANY, *v.* AUGUSTUS D. JUILLARD, Receiver, etc., Respondent et al., THE PEOPLES' SAVINGS BANK et al., Appellants.

A joint obligation under seal executed by all the members of a firm in its business, and for its benefit, will be regarded as a co-partnership obligation and payable out of the firm assets, although the firm name is not mentioned therein, and it appears upon its face to be simply the obligation of the co-partners contracted in their individual names.

*Forsyth* v. *Woods* (11 Wal., 486); *Turner* v. *Jaycox* (40 N. Y., 470); *In re Weston* (12 Metc., 1), distinguished.

(Argued November 19, 1878; decided January 21, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term which overruled exceptions to and confirmed a referee's report herein. (Reported below, 13 Hun, 506.)

This action was brought by plaintiff as creditor of the firm of Hoyt, Spragues & Co., in its own behalf and in behalf of other creditors, against the receiver of said firm appointed in a former action, and against the members of said firm, to reach the assets of said firm and have them applied in payment of its debts. By the judgment therein said firm was declared insolvent, and it was adjudged that the assets in the hands of the receiver constituted a fund out of which the creditors upon proof of their claims were entitled to be paid *pro rata,* according to their respective rights, and a referee was appointed to take proof of the claims of creditors. Five

savings banks presented to the referee claims upon a bond executed by one Josiah Chapin, as principal and by all of the members of said firm of Hoyt, Spragues & Co., individually as sureties.

The material facts are as follows:

In April, 1873, the Riverside Mills and the City Woolen Company owed the firm of Hoyt, Spragues & Co. about a $1,000,000, which was secured by the personal guaranty of said Josiah Chapin. To reduce this debt, Chapin, on the 4th of April, 1873, borrowed $600,000, from the five savings banks. Chapin gave his individual notes, payable in one year, to the order of each of the banks, for the amount loaned by it. As security for the payment of the loans Chapin executed to trustees a mortgage upon certain real estate. On the same date, and as further security, the bond before mentioned was made, which was conditioned in substance to pay so much of the loan as should not be paid by the real estate security. The bond contains the following general covenant:

"For which payment, well and truly to be made, we bind ourselves, and each of us, and any six, five, four, three or two of us, our and each of our and any six, five, four, three or two of our heirs, executors and administrators, jointly, severally and respectively, firmly by these presents."

Of the sum loaned, said firm received, all except the sum of $55,000, and six months interest, which were retained by the banks.

Albert S. Gallup one of said firm, who was examined before the referee by the counsel for the savings banks, testified, in substance, under objection of the counsel for the receiver, that he negotiated the loan to Chapin; that he was acting for and as a member of the firm of Hoyt, Spragues & Co., and that the loan was negotiated for the purpose of enabling Josiah Chapin to reduce the indebtedness of the Riverside Mills and City Woolen Company on said company's books.

Chapin made default in the payment of his notes. His

real estate was sold and the proceeds applied in payment of the loan and the claim was for the residue.

*Thomas H. Hubbard*, for appellant.   It cannot be claimed that a partnership debt created by a contract is not in the name of a firm or made by a firm as the real contracting party. (Parsons on Part., 126–484; *Crouch* v. *Bowman*, 3 Humph [Tenn.], 209; *Le Roy* v. *Johnson*, 2 Peters, 186–197; *Agawan Bk.* v. *Morris*, 4 Cush., 99; *Ex parte Stone*, L. R. & Ch. App., 914; *Turner* v. *Jaycox*, 40 N. Y., 470; *Bevan* v. *Lewis*, 1 Simmons, 376; *Faith* v. *Richmond*, 11 A. & E., 339.)   The signing of the names of all the partners individually to the contract of suretyship did not constitute a signing of the firm name. (Parsons on Part., 178; *Gates* v. *Graham*, 122 Wend., 53; *Van Deusen* v. *Blum*, 18 Pick., 229.)   Although the contract of suretyship was the joint obligation of all the members of the firm the firm was not the real contracting party and was not bound by it. (Parsons on Part., 346; *Brewster* v. *Hammat*, 4 Conn., 540; *Robertson* v. *Smith*, 18 J. R., 459–476; *Gay* v. *Johnson*, 45 N. H., 587; *Mason* v. *Eldred*, 6 Wall., 261 and 235; *United States* v. *Price*, 9 How. [U. S.], 83; *Risley* v. *Brown*, 67 N. Y., 160; *Turner* v. *Jaycox*, 40 id., 410, 476; *Forsyth* v. *Woods*, 11 Wall., 484–486; *In re Roddin & Hamilton*, 6 Bissell, 377; *In re Webb & Johnson*, 2 Bnk. Reg., 614; *In re Bacyrus Machine Co.*, 5 id., 303; *Emily* v. *Lye*, 15 East, 7; *Jaques* v. *Margnand*, 6 Cow., 497; *Nat. Bk. Selma* v. *Thomas*, 47 N. Y., 15–20; *Nat. Bk. of Chemung* v. *Ingraham*, 58 Barb., 295–296; *In re Weston*, 12 Metc., 1; *Harmon* v. *Clark*, 13 Gray, 114–122; *In re Miller*, 1 N. Y. Leg. Obs., 38.)

*Charles M. Da Costa*, for respondent.   The fact that the firm name was not signed to the bond, although executed by all the members of the firm, does not prevent its being regarded as a joint obligation. (3 Wait's Pr., 598; 3 R. S [6th ed.], 640; *Sterne* v. *Bentley*, 3 How., 331; *Merrifield*

v. *Cooley*, 4 id., 272; *Leahey* v. *Kingen*, 22 id., 209; *North. Bank of Kentucky* v. *Wright*, 5 Rob., 604; *Ex parte Hunter*, 1 Atkyns Ch. R., 223, 225, 227; *Galway* v. *Matthew*, 1 Camp., 403; *Tilly* v. *Phelps*, 18 Conn., 295; *Agawan Bk.* v. *Morris*, 4 Cush., 99; *De Jarnetts' Exrs.*, 31 Ala., 232–233; *Burnley* v. *Rice*, 18 Tex., 481; Parsons on Part., 178; *Harrison* v. *Jackson*, 7 T. R., 203; *Green* v. *Beales*, 2 Caine's Cases, 554; *Clement* v. *Bush*, 3 Johns. C., 180; *McNaughton* v. *Partridge*, 11 Ohio, 223; *Ex parte Stone*, L. R., 8 Chanc. Ap., 914–917; *In re Bradley*, 2 Bissell, 517; *Daniel* v. *Toncey*, 2 Metc., 2; *In re Warren*, Davies R., 325; *Fairchild* v. *Fairchild*, 64 N. Y., 417; *Springton* v. *Sampson Admr.*, 32 id., 703; *Conklin* v. *Cantrell*, 64 id., 217; *Allison* v. *Davidson*, 2 Dev. Ch. [N. C.], 79; 3 Kent's Com., 65; *Greenwood* v. *Broadhead*, 8 Barb., 596; *Greenwood* v. *Choller*, 21 id., 596; *Allen* v. *Centre Valley Co.*, 21 Conn., 130; *Ex parte Ruffin*, 6 Vesey, 119; *Campbell* v. *Mallett*, 2 Swain, 551; *Ex parte Williams*, 11 Vesey, 5; *Wildner* v. *Keeler*, 3 Paige, 167; *Murray* v. *Murray*, 5 Johns. Ch., 60; *Ex parte Peacock*, 2 Glyn. & J., 27; 3 Kent's Com., 76, n.; *In re Ingalls*, 5 Law Rep., 401–402; *Hoare* v. *Oriental Bk. Corp.*, L. R., 2 App. Cas., 589.)

RAPALLO, J. The bond upon which the banks found their claim against the co-partnership assets of the firm of Hoyt, Spragues & Co. is executed by all the six members of that firm, and purports to be their joint obligation, as well as the several obligation of each of them. It also purports to create a joint obligation on the part of any two or more of them. The only aspect in which it is necessary to consider it on this appeal, is as the joint obligation of all the members of the firm, and the question presented is whether it can be enforced as a co-partnership obligation against the co-partnership assets, notwithstanding that the firm name is not mentioned therein, but it appears on its face to be simply the joint obligation of the co-partners, contracted in their individual names, and is under seal.

We are of opinion that notwithstanding the form of the instrument, if it was executed in the business of the firm and for its benefit, it should be regarded as a co-partnership obligation payable out of the co-partnership funds.

In the present case it is quite clear from the proofs that the transaction in which the bond was given was for the benefit of the firm of Hoyt, Spragues & Co., and that all but a fraction of the sum advanced by the banks on the credit of the bond was paid over by them to that firm, and applied on account of its claims against the Riverside Mills and the City Woolen Company. The loan from the banks to Chapin was negotiated by Mr. Gallup, one of the firm of Hoyt, Spragues & Co. in behalf of that firm, as he testifies. The two companies last named being indebted to Hoyt, Spragues & Co. in a million of dollars, for which indebtedness Mr. Chapin was surety, Mr. Gallup negotiated the arrangement whereby the banks agreed to loan to Mr. Chapin the sum of $600,000 on his notes for that amount, secured by mortgage on his real estate and the collateral guaranty of the bond in question executed by all the members of the firm of Hoyt, Spragues & Co. All this was done to enable Chapin to reduce the debt for which he was surety to Hoyt, Spragues & Co., and accordingly he gave that firm orders on the several banks for their respective proportions of the loan of $600,000, all of which sums were paid to and receipted for by Hoyt, Spragues & Co. except the first six months interest in advance, which was retained by the banks, and the sum of about $55,000 of the principal sum loaned, which Hoyt, Spragues & Co. do not appear to have received. The form of the bond is peculiar but seems to have been contrived for the purpose of giving to the banks power to enforce it against either the joint or separate estates of the members of the firm of Hoyt, Spragues & Co. or any of them, as might prove most to the interest of the banks. From the nature of the transaction we think it must have been the intention of the parties that the firm should be bound, and that the individual names of all the partners were used for the reason

that the instrument was under seal, and that a several as well as joint liability was desired. We can see no objection to a firm binding itself in that form, where the transaction is one for the account of the partnership and all the partners unite in the act; while it would be in the highest degree inequitable to deny to the creditors whose funds have under such circumstances gone into and increased the co-partnership assets, the right of resorting to those assets for repayment.

When funds or property are obtained on the obligation of only a portion of the members of a firm, the fact that the property thus obtained goes to the use of the firm is not of itself sufficient to render the firm liable. But where the property is not only obtained for and applied to the benefit of the firm, but is so obtained by the joint act and upon the joint written obligation of all its members, and the credit is given to all, the transaction is in substance a co-partnership transaction, though the firm name is not actually used in the writing and though the partners may have superadded to their joint obligation the several liability of each of them. The cases cited on the part of the appellant in support of the proposition that the joint obligation of all the members of a firm is not equivalent to an obligation of the firm do not sustain that proposition, where the transaction is in the business or for the benefit of the firm. In *Forsyth* v. *Woods* (11 Wall., 486) the reasoning is strictly confined to an obligation contracted by the members outside of the partnership business, and proceeds wholly on the ground that the firm property should be applied in the first instance to the payment of debts incurred for the benefit of the partnership, as its property presumably consists of what has been obtained from its creditors. In *Turner* v. *Jaycox* (40 N. Y., 470) I do not understand from the note of the reporter, anything more than that the majority of the court declined to hold as a general proposition that a note signed by all the members of a firm was the same as one signed by the firm. That nothing more was decided is apparent from the judgment, which sustained the note in that case as a co-partnership debt. In *In re Weston*

(12 Metc., 1), the decision is placed upon the ground that the partners had signed as sureties and there was no evidence that it was a partnership transaction. In *Ex parte Stone* (L. R., 8 Chan. Ap., 914, 917), where the obligation was shown to have been given for money borrowed for partnership purposes, it was allowed to be proved against the partnership estate though signed and sealed by the partners as individuals without naming the firm.

We think it sufficiently appears in this case that the purpose of the transaction was to raise money from the banks, to be paid to the firm of Hoyt, Spragues & Co., for which loans Chapin and his property were to be primarily liable to the banks, and that the bond now in question was given by the members of the firm to induce the banks to make the loan, so that the firm might receive the avails in part payment of the claims for which Chapin was liable to them as surety, and that these circumstances are sufficient to justify the allowance of the claims of the banks against the co-partnership.

The orders should be affirmed, with costs out of the fund.

All concur.

Orders affirmed.