GEORGE A. EVERETT et al., Appellants, *v.* J. C. TAYLOR et al., Respondents.

### Sale—Delivery—Continuous Possession.

1. A vendor delivered to plaintiffs enough wool at 9 cents per pound to pay a debt of $505, which he owed them, and they moved it a considerable distance, to the opposite end of the shed, and stored it; and afterwards the vendor, upon an agreement with the plaintiffs, employed a man who owed him to haul the wool to the station, to be shipped in plaintiffs' names. *Held,* that this was *prima facie* evidence of sale, delivery, and continuous possession, and that the court erred in instructing the jury to find for defendants on the ground that there was no evidence of actual delivery and continuous possession.

2. Under section 2837, Comp. Laws 1888, a sale of goods must be accompanied with delivery within a reasonable time, and followed by an actual and continuous change of possession. The change of possession must be actual, not constructive, or merely colorable; and it must be continuous, not merely a delivery and surrender back.

3. After a sale and delivery of the goods, the vendee may appoint the vendor his trustee to hold them, or his agent or employé to hold or dispose of them.

( No. 744. . Decided Dec. 11, 1896.)

Appeal from the First district court, Territory of Utah. Hon. H. W. Smith, *Judge.*

Action by George A. Everett and others against J. C. Taylor and others. Judgment for defendants, and plaintiffs appeal. *Reversed.*

This action was brought by the plaintiffs against the defendants to recover damages in consequence of the

alleged wrongful taking and conversion of 7,000 pounds
of wool of the value of $700. Defendants filed an answer,
in which they alleged the wool belonged to one J. T.
Stewart, and that it was seized and converted under an
execution against him upon a judgment for $642.85 in
favor of defendant J. C. Taylor, and that the other
defendants were officers who executed the writ. It
appears from the evidence upon the trial of the case
before the court and jury that the plaintiffs had per-
formed labor for Stewart in herding a large flock of sheep
under an agreement that they were to be paid in wool,
and that he owed them $505; that the wool was sacked,
and enough of it at the market price (9 cents per pound)
turned over to them by Stewart to amount to that sum;
that they moved the sacks about 100 feet, to the other end
of the shed, and piled them up by themselves; that Stew-
art went home to Kanab, and the plaintiff Wallace, act-
ing for the other plaintiffs, remained at the sheds a day,
and then went back to the flock. It appears further that
Stewart agreed with plaintiffs that Mr. Jolly, who
was indebted to him, should haul the wool to Salina,—the
railroad station,—and that it should be shipped from
there in Wallace's name, for the plaintiffs, to the Eastern
market. While the wool was in Jolly's wagon on the
way to Salina, it was seized at the request of Taylor by
the officers on the execution in his favor. Upon the fore-
going facts, on motion of the defendants the court
instructed the jury to return a verdict for the defendants
on the ground that there was not sufficient proof of deliv-
ery, to which instruction the plaintiffs at the time
excepted. The jury having returned a verdict for defend-
ants, the court entered a judgment thereon against the
plaintiffs, from which judgment the plaintiffs have taken
this appeal, and they assign the instruction of the court
and the judgment thereon as error.

*Samuel A. King,* for appellant:

*Thurman & Wedgwood,* for respondents:

ZANE, C. J.:

The fact that the vendor, Stewart, sacked the wool, and separated it from the rest, and actually gave the plaintiffs possession of it at its market price, and that they moved it a hundred feet, and piled it up by itself, certainly was evidence of actual delivery. Their possession appears to have been continuous afterwards. There was no evidence that these acts were not in good faith,—that they were merely colorable. It certainly was for the jury to determine whether the possession was actual or colorable merely, and whether it was continuous. Section 2837, Comp. Laws Utah 1888, relating to such sales, is as follows: "Every sale made by a vendor of goods or chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by a delivery within a reasonable time, and be followed by an actual and continued change of the possession of the thing sold or assigned, shall be conclusive evidence of fraud as against the creditors of the vendor, or assignor, or subsequent purchasers in good faith." This section requires the sale to be accompanied with delivery within a reasonable time, and followed by an actual and continued change of possession, or with an understanding to that effect. The change of possession must be actual, not merely constructive or colorable. And the possession must be continuous in the purchaser, not merely a delivery and surrender back. The possession may be delivered by an agent or employé of the vendor and received by such employé or agent, and such agent or employé may continue to hold the property for his principal. After such possession, the vendee may

appoint the vendor to hold the property for him as his trustee or agent, or he may make him his employé. Such appointment or employment must be in good faith. Such appointment or employment may be regarded as a suspicious circumstance, and may be considered by the jury, with all the other evidence, in determining whether the possession was taken and held in good faith. While the arrangement between Stewart and the plaintiffs for the transportation of the wool by Jolly may be a suspicious circumstance, it should not have been regarded as conclusive evidence of fraud. The jury should have been permitted to consider it with all the other competent, relevant, and material evidence. *Godchaux* v. *Mulford*, 26 Cal. 316; *Wilson* v. *Hooper*, 36 Am. Dec. 366; *Stevens* v. *Irwin*, 15 Cal. 503; *Farr* v. *Swigart*, 13 Utah 150. We are of the opinion that the court erred in charging the jury to find the issues for the defendants. Judgment reversed, and cause remanded.

BARTCH and MINER, JJ., concur.