### In re JARMULOWSKY et al.

### Appeal of SILBERBERG.

(Circuit Court of Appeals, Second Circuit. January 6, 1923.)

No 147.

I. Bankruptcy ⬢⟹309—Claim against individual partners properly disallowed against partnership assets.

In bankruptcy of individual partners and partnership doing business as a private bank, *held*, that claims for liability of the individual bankrupts as indorsers of paper evidencing loans to corporation of which they were officers were properly allowed only against the indi-

vidual estates, although a mortgage assignment by them to secure such paper bore a guarantee of the assigned mortgage by them, described as "private bankers"; the mere affixing of such words not being sufficient to bind the partnership, in view of Banking Law, N. Y. §§ 154, 155, forbidding binding assets of copartnership engaged in private banking for the individual obligations of the partners.

2. **Partnership ⬟173—It is only where transaction is entered into for and applied to benefit of partnership that joint act of several members extends credit of partnership to transaction.**

It is only where the transaction is entered into for and applied to the benefit of the copartnership that the joint act of the several members may be deemed extending the credit of the partnership to the transaction.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Louis Jarmulowsky and Harry Jarmulowsky, individually, and as partners doing business as S. Jarmulowsky's Bank, bankrupts, in which Abraham A. Silberberg filed claims. From an order disallowing claims of the claimant against the partnership estate of the bankrupts, claimant appeals. Affirmed.

Olcott, Bonynge, McManus & Ernst, of New York City (Irving L. Ernst and Nathan Ballin, both of New York City, of counsel), for appellant.

Louis B. Boudin, of New York City (Jacob J. Lesser, of New York City, of counsel), for respondents.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. [1] The order appealed from provided:

"That the said claims of Abraham A. Silberberg against and in so far as they affect the estate of the above-named bankrupts as copartners and as private bankers, and the assets of the above-named as copartners and as private bankers, be and the same hereby are each expunged; and it is further ordered, that the claims be and they hereby are expressly allowed as against the individual estates of Louis Jarmulowsky and Harry Jarmulowsky."

On May 10, 1917, a petition in bankruptcy was filed against the Jarmulowskys, individually and as such copartners, and they were duly adjudicated bankrupts. The appellant had a claim of $30,000 against the Loretta Corporation, which gave its 5 promissory notes, each for the sum of $6,000 and payable at intervals thereafter. On May 3, 1917, the appellant made an additional loan to the Loretta Corporation of $20,000, accepting 10 promissory notes of $2,000 each, payable at subsequent intervals. There remains unpaid $44,000 on account of these loans. Louis and Harry Jarmulowsky were officers of the Loretta Corporation, and at the time such loans were made to the Loretta Corporation each indorsed such notes. The notes were made payable to the order of "ourselves," and were signed for the Loretta Corporation by Louis Jarmulowsky, president, and Harry Jarmulowsky, assistant treasurer. They bore the indorsement of the maker by the same officers, as well as the individual indorsements of Harry and Louis Jarmulowsky. On April 10, 1917, Louis and Harry

Jarmulowsky executed a paper writing wherein they designated themselves as private bankers (they conducted a private banking business in the city of New York) and assigned to the appellant, subject to a former assignment, as security for the 6 promissory notes of $6,000 each, all their interest in a bond and mortgage executed October 23, 1914, by the Liberty Street Holding Corporation as a first lien on premises Nos. 37–39 Liberty street, in New York City. The interest of Louis Jarmulowsky and Harry Jarmulowsky, private bankers, was derived on October 23, 1914, through an assignment to them of a participation to the extent of $200,000 in a mortgage of $800,000 on said premises. The assignment provided:

"The parties of the first part [Louis Jarmulowsky and Harry Jarmulowsky, private bankers] do severally and jointly guarantee unto the party of the second part [Abraham A. Silberberg] the payment of the aforesaid interest in the bond and mortgage assigned hereunder to the extent of $30,000 and interest thereon."

On May 3, 1917, a writing similar in character, wherein Louis Jarmulowsky and Harry Jarmulowsky, private bankers, further assigned their interest in said bond and mortgage to the claimant as security for the payment of 10 promissory notes, of $2,000 each, bearing date May 3, 1917. Provision was made for a similar guaranty by Louis Jarmulowsky and Harry Jarmulowsky, private bankers, of the claim to the extent of $20,000. By a separate writing dated May 3, 1917, Louis Jarmulowsky and Harry Jarmulowsky, private bankers, assigned to the appellant all rents, issues, and profits from the premises covered by said mortgage. It appears that, subsequent to the filing of proof of claim, the appellant received $500 on account of the rents, etc., by virtue of this assignment. He sets forth in his proof of debt the foregoing security has been rendered valueless by reason of the foreclosure and sale of the premises covered by the mortgage, and that payment of prior interest of $600,000 in said mortgage left no available funds to meet the interest of the Jarmulowskys, because at the judicial sale the amount realized was inadequate to satisfy the lien of the prior interest.

The question presented is whether, on these facts, the appellant may prove his claim against the partnership estate. It is apparent that the Loretta Corporation notes were taken with the individual indorsement of Louis Jarmulowsky and Harry Jarmulowsky. The use of the words "private bankers" in the assignment of their interest in the bond and mortgage to secure the payment of what may become due on default in payment of the makers of the note indicates but descriptive terms and recognizes but individual indebtedness. Since it appears that the Jarmulowskys' interest in the bond and mortgage which was assigned as security was wiped out, it is not important now to ascertain whether such assignment of interest was giving a firm asset as security for a contingent liability of the individual bankrupts as indorsers of the notes in question. The individuals, jointly and severally, guaranteed payment of the notes by their indorsements. No presumption can be indulged in that these obligations arose by reason of any transaction of the partnership, that is, the banking enterprise.

287 F.—45

The mere affixing of the words "private bankers" after the name of the individual members is insufficient to bind the partnership, for it appears that the Jarmulowskys were authorized to conduct a banking business under the banking laws of the state of New York. The banking laws of that state provide that a private person or a copartnership engaged in business as a private banker is in effect a quasi corporate body, whose business and assets are kept by law separate and apart from any other business or assets which the individual or copartnership owning the bank may have, and the individuals owning the bank cannot so act with respect to the assets of the copartnership engaged in the business of private banking as to divert the banking assets from the banking business. It may not contract any obligation enforceable against the copartnership banking business, except in connection with the banking business. Banking Law N. Y. (Consol. Laws, c. 2) § 154. The individuals composing a copartnership conducting a private bank cannot use the credit of that bank for individual purposes. Therefore the assignment of the participating interest in the bond and mortgage, as well as the collateral agreement of guaranty contained in the assignment, even if it were held to be a partnership obligation, would not be a binding obligation of a copartnership engaged in private banking. Banking Law N. Y. § 155.

[2] The proof satisfactorily establishes that the undertaking of the individual members of the copartnership was not in respect to a copartnership transaction, and no presumption of obligation can arise because all the members of the copartnership signed this instrument in their individual capacity. A partnership property must be applied to the payment of the partnership debts in preference to those of any individual creditors. Case v. Beauregard, 99 U. S. 119, 25 L. Ed. 370. It is only where the transaction is entered into for and applied to the benefit of the copartnership that the joint act of the several members of the copartnership may be deemed extending the credit of the partnership to the transaction. In re Kuhn & Co. (D. C.) 241 Fed. 935; Berkshire Woolen Co. v. Julliard, 75 N. Y. 535, 31 Am. Rep. 488.

Order affirmed.