324 P.2d 776

MARTIN MACHINERY, Inc., Plaintiff and Respondent,

v.

STREVELL–PATERSON FINANCE COMPANY, a corporation, Defendant and Appellant,

Ralph A. Sleeter, Jr., Defendant.

No. 8784.

Supreme Court of Utah.

April 25, 1958.

Nielsen & Conder, Salt Lake City, for appellant.

Duncan & Duncan, Salt Lake City, for respondent.

WADE, Justice.

Appeal by defendant, Strevell-Paterson Finance Company, from a summary judgment holding that plaintiff, Martin Machinery, Inc., is the owner of certain machinery and equipment formerly owned and used by defendant; Sleeter, in his cleaning business in Salt Lake City. Strevell-Paterson claims a lien to such property under two chattel mortgages. The following facts are not disputed.

Plaintiff Martin claims that such property was transferred to it by bill of sale and that it retained title thereto under a conditional sale contract. Both instruments were made by defendant Sleeter on October 15, 1955, and delivered to a salesman who sent them to Martin in Denver, Colorado. Thereafter Martin approved and accepted these instruments, and, pursuant to an order in the conditional sale contract, shipped additional machinery to Sleeter. Under the conditional sale contract title to both the additional machinery and the property described in the bill of sale, also described in the conditional sale contract under the heading "Rewrite of Machinery in Plant" was expressly retained by Martin. Only the property described in the bill of sale is involved in this appeal. Sleeter was the owner and possessed and used in his cleaning business the property here involved up to the time of delivery and acceptance of the bill of sale and conditional sale contract; and he continued such possession and use of such property up to the commencement of this action on August 9, 1957.

Strevell-Paterson claims liens on this property under two chattel mortgages on the respective dates of September 21 and October 2, 1956, for the payment of loans of $336 and $2,016. Such mortgages cover all the property described in the bill of sale but not the additional property shipped to Sleeter under the order in the conditional sale contract.

Plaintiff paid nothing for the property described in the bill of sale and the only consideration therefor was the shipment without a down payment of the additional machinery pursuant to the order in the conditional sale contract. The parties intended that Sleeter should retain possession and use of this property unless and until Sleeter defaulted in making the payments under the conditional sale contracts. In such case Martin was authorized to take possession and sell all of the property described therein and apply the proceeds thereof as payment on the amount owing on such contract. Neither the bill of sale nor the conditional sale contract was ever filed in the county recorder's office.

Strevell-Paterson claims it had no notice or knowledge of the bill of sale or the conditional sale contract until after it had loaned Sleeter the money secured by the chattel mortgages and such mortgages had been filed in the county recorder's office. This claim is disputed in an affidavit on behalf of plaintiff. This raises a genuine issue of fact on a material matter for determination by the trial court.

It is not necessary to discuss appellant's main argument that the bill of sale and conditional sale contract were intended as a chattel mortgage for the same result is clearly required by Section 25–1–14, U.C.A. 1953,[1] which provides:

"Every sale made by a seller of goods or chattels in his possession or under his control, and every assignment of goods and chattels, unless the same is accompanied by a delivery within a reasonable time, and is followed by an actual and continued change of the possession of the things sold or assigned, shall be conclusive evidence of fraud as against the creditors of the seller or assignor, or subsequent purchasers in good faith. The word 'creditors' as used in this section shall be construed to include all persons who shall be creditors of the seller or assignor at any time while such goods and chattels shall remain in his possession or under his control."

Without question all except one of the requirements of this statute necessary to establish conclusive evidence of fraud exist: Sleeter was in possession of the property when the bill of sale was made, the property was not delivered within a reasonable time, there was no change of possession actual or continued, and Strevell-Paterson became a creditor of Sleeter, the seller, after the sale and before Martin claimed the property while it was in Sleeter's possession. So the only remaining question is whether Strevell-Paterson had knowledge of the bill of sale and conditional sale contract when it loaned the money secured by these chattel mortgages. As already pointed out, this is

---

1. This section is almost identical with C.L.U.1876, Section 1016; C.L.U.1888, Section 2837; R.S.U.1898, Section 2473; C.L.U.1907, Section 2473. It was omitted from C.L.U.1917 but restored to R.S.U. 1933, Section 33–1–14, and U.C.A.1943, Section 33–1–14.

For statutes with similar effect see U.C.A.1953, Uniform Sales Act, Sections 60–2–9 and 10; also Chattel Mortgages, Sections 9–1–1 and 15, and Leases and Sales of Livestock, Section 25–3–1.

See Ewing v. Merkley, 3 Utah 406, 4 P. 244; Farr v. Swigart, 13 Utah 150, 44 P. 711; Everett v. Taylor, 14 Utah 242, 47 P. 75; White v. Pease, 15 Utah 170, 49 P. 416; Blish v. McCornick, 15 Utah 188, 49 P. 529; Charleston Co-op. v. A. W. Allen & Bros., 40 Utah 575, 123 P. 578; Volker Lumber Co. v. Utah & Oregon Lumber Co., 45 Utah 603, 148 P. 365.

a material fact which Strevell-Paterson must establish in order to win; for lack of such notice or knowledge is an inherent element of the fraud against a creditor. Some of the cases cited herein point out that there was no notice or knowledge of the sale.[2]

Case is remanded to trial court with directions to determine this issue of fact and enter judgment in accordance with the holdings in this opinion. Costs to appellant.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

HENRIOD, Justice.

I dissent. The main opinion remands this case to have one fact determined: Whether or not Strevell-Paterson had notice of the transaction between Martin Machinery Company and Sleeter, implying that if it did have such notice it would lose, otherwise it would win. The requirement that such finding be made is to determine if Title 25–1–14, U.C.A.1953 applies in this case.

In so requiring, the main opinion manufactures a case for one of the litigants. Nowhere in this case can be found anything indicating that Strevell-Paterson relied on, or claimed anything for the statute mentioned. The only point urged is that there was a genuine issue of fact preventing the invocation of the summary judgment rule, i. e., *whether the transaction between Martin Machinery and Sleeter was a mortgage or conditional sale.* If the latter, Strevell-Paterson claimed protection under the recording act, not under Title 25–1–14.

The plaintiff in this case no doubt will be surprised to learn for the first time when this decision is published, that his cause of action is to be determined by a factual situation and a statutory defense invented, not by the appellant, but by this court,—a defense plaintiff has had absolutely no opportunity to meet.

2. Ewing v. Merkley, supra. Volker Lumber Co. v. Utah & Oregon Lumber Co., supra. Pulsipher v. Chinn, 69 Utah 401, 255 P. 439.