## C. D. WHITE, RESPONDENT, *v.* V. H. PEASE, ET AL., APPELLANTS.

CONVERSION—FINAL JUDGMENT—SALE AND DELIVERY—RES GESTÆ —EVIDENCE OF VALUE—SELF-SERVING DECLARATIONS.

1. An order refusing to grant a new trial is not a final judgment from·which an appeal will lie, under section 9 of article 8 of the constitution, although any errors committed by the trial court in granting or refusing to grant a new trial, and any affidavits used on said motion, if properly identified, and embodied in a bill of exceptions, or otherwise properly preserved in the record, may be reviewed on appeal from the judgment.

2. Plaintiff received a bill of sale for a quantity of grain in a locality remote from transportation and from where plaintiff lived. *Held*, that whether the delivery was made within a reasonable time, when plaintiff drove 45 miles in order to obtain teams with which to remove the grain, is a question of fact for the jury.

3. A conversation with one R., in which the vendor said he had sold his grain, but which was not had at or during the negotiations for the sale, is a self-serving declaration, no part of the *res gestæ*, and should not be admitted as evidence to corroborate the vendor's testimony.

4. Evidence of the price paid for part of the grain at the execution sale is admissible, as having some·tendency to prove value, and the judgment roll, with the return of the marshal attached, showing the sale of the goods in question, and what they sold for, is *prima facie* evidence of the value, and should not have been stricken from the testimony.

(No. 752.  Decided June 7, 1897.)

Appeal from the Fifth district court, Beaver county. Hon. E. V. Higgins, *Judge*.

Action by C. D. White against V. H. Pease and others

for conversion. From a judgment for plaintiff and an order denying a new trial defendants appeal. *Reversed.*

*S. McDowall,* for appellants.

*Barlow Ferguson* and *Presley Denny,* for respondent.

MINER, J.:

Plaintiff brought this action to recover $880, the value of 88,000 pounds of wheat, oats, and barley, alleged to have been unlawfully converted by the defendants on September 18, 1895. Defendant Pease answered, and denied the allegations of the complaint. Defendants Brigham and Kuss answered, and alleged that one William Kessler and F. P. Kessler were the owners of the property in question at the time it was alleged to have been converted; that an execution in favor of defendant Pease against said William and F. P. Kessler was duly issued out of the Third district court, September 16, 1895, and placed in the hands of said Brigham and Kuss, as United States marshals, for service; that only 62,285 pounds of said grain was taken from the possession of William and F. P. Kessler thereon; that the same was sold as their property by virtue of said writ; and that said grain was sold for the sum of $335.94. Judgment was entered for the plaintiff in the sum of $880 damages. The defendants moved for a new trial, which motion was overruled, and this appeal is taken from the judgment and from the order overruling defendants' motion for a new trial.

Respondent moves to dismiss the appeal from the order overruling defendants' motion for a new trial on the ground that no appeal lies from an order overruling a motion for a new trial, because the order is not a final judgment. In the case of the *North Point Consolidated Irr.*

*Co.* v. *Utah & Salt Lake Canal Co.*, 14 Utah 155, this court held that an appeal from an order made *pendente lite,* granting a temporary injunction, was not an appeal from a final judgment from which an appeal would lie, under section 9, art. 8, of the constitution. In *Eastman* v. *Gurrey,* 14 Utah 169, this court held that the constitution had taken away the right of appeal from an order vacating and setting aside a judgment, and that such an order was not a final judgment, from which an appeal would lie. We are also of opinion that an order refusing to grant a new trial comes within the rule laid down in the above cases, and that such an order is not a final judgment from which an appeal will lie to this court, under section 9, art. 8, of the constitution. The judgment in this case was final. The proceeding on motion for a new trial had reference to the regularity of the judgment. The order refusing a new trial was an order confirming its finality. We are of the opinion that any errors committed by the trial court in granting or refusing to grant a new trial, and any affidavits used on said motion, if properly identified, and embodied in a bill of exceptions, or otherwise properly preserved in the record, may be reviewed on appeal from the judgment. Comp. Laws Utah 1888, § 3652. The appeal from the order denying defendants' motion for a new trial is dismissed. See cases cited in above-mentioned opinions. Also *Young* v. *Shallenberger,* (Ohio Sup.) 41 N. E. 519; *Hodsworth* v. *State,* (Mass.) 18 N. E. 430; *Laber* v. *Cooper,* 7 Wall. 565; *Smith* v. *Publishing Co.,* 5 C. C. A. 91; *Kearney* v. *Snodgrass,* (Or.) 7 Pac. 309; *Roberts* v. *State,* 3 Tex. App. 47; *Zizer* v. *Jones,* 48 Md. 116; *Sams* v. *Hooyer,* 33 S. C. 401.

The plaintiff, who resided in Beaver, claimed the property by virtue of an alleged bill of sale made to him by

William H. and E. P. Kessler, September 15, 1896, at 4
o'clock p. m. That he took possession of the grain con-
tained in three houses or bins on vendors' farm in Beaver
Bottoms, some 45 miles from Beaver, and retained pos-
session thereof until about 9 o'clock in the forenoon of
September 18th, when he returned to Beaver for the pur-
pose of obtaining teams to draw the grain away, he hav-
ing received permission to use the bins until he could
draw the grain away. On arriving at Beaver, he was in-
formed by the marshal that the grain had been levied
upon by virtue of the execution referred to. The levy
was made shortly after plaintiff left for Beaver, and the
officer was informed, at the time of the levy, by Kessler,
that the plaintiff owned the grain. No one was left in
possession of the grain at the time of the levy, unless it
was Kessler, who resided on the ranch, which was located
in a remote locality. The appellants contend that this
transfer was void under section 2837, Comp. Laws Utah
1888, for the reason that no continued change of posses-
sion or delivery, within a reasonable time, took place, and
allege error in the refusal of the court to grant a nonsuit.
Section 2837, Comp. Laws Utah 1888, reads as follows:
"Every sale made by a vendor of goods or chattels in his
possession or under his control, and every assignment of
goods or chattels, unless the same be accompanied by a
delivery within a reasonable time, and be followed by an
actual and continued change of possession of the things
sold or assigned, shall be conclusive evidence of fraud as
against the creditors of the vendor, or assignor, or subse-
quent purchasers in good faith." The grain in question
was located in a remote locality, away from transporta-
tion. It was bulky and inconvenient to carry away with-
out considerable time and preparation. The grain was in
bins or granaries, of which the plaintiff had the posses-

sion. After plaintiff obtained the bill of sale and posses-
sion, he started to procure means to carry it away. Be-
fore the officer levied he was notified of the sale to plain-
tiff. Under the statute there must be a delivery within a
reasonable time, and such delivery must be followed by
an actual and continued change of possession. A reason-
able time should be allowed in which to make the deliv-
ery. What was a reasonable time, under all the circum-
stances of the case, and whether the transaction was
fraudulent or not, was a question for the jury to consider
under the facts shown.     *Everett* v. *Taylor,* 14 Utah 242 ;
*Farr* v. *Swigart,* 13 Utah 150; *Dubois* v. *Spinks,* (Cal.) 46
Pac. 95; *Hill* v. *Hobart,* 16 Me. 164; Thomp. Trials, § 2014.

Mr. Webb, a witness for plaintiff, was allowed to state
on direct examination, under objection from the defend-
ants, that he was at Kessler's place on the day of the sale
to see about getting a school. Mr. Reed was with him.
Reed said to Kessler that he wanted to sell him some
fish. Kessler replied that he could not buy the fish.
Reed said he would take grain in payment. Kessler re-
plied that he had no grain; that he had just sold it to
White,—turned it over for a debt. This conversation
does not appear to have taken place at the time of the
sale, or during the negotiations for the sale, but, as ap-
pears from it, the grain had previously been sold to
White. It was therefore no part of the *res gestæ*, and it
was error to admit it, even though White was present.

Mr. Proutt, a witness for the defendants, who pur-
chased oats at the execution sale, was asked what price
he paid for such oats. The question was objected to, and
ruled out. It is well settled that the price the property
brought at execution sale is admissible, as having some
tendency to prove value. We think it was error to ex-
clude this testimony, as well as other testimony of like

character that was offered by the defendants. *Hutchinson* v. *Poyer,* 78 Mich. 337; *Baker* v. *Seavey,* (Mass.) 40 N. E. 863; *Brigham* v. *Evans,* 113 Mass. 538; *Croak* v. *Owens,* 121 Mass. 28; *Campbell* v. *Woodworth,* 20 N. Y. 499; *Smith* v. *Mitchell,* 12 Mich. 180; *Davis* v. *Zimmerman,* 40 Mich. 24; *Dyer* v. *Rosenthal,* 45 Mich. 588.

Defendant offered in evidence the judgment roll, with the execution and return of the marshal attached, showing the sale of the goods in question, and what they sold for. Plaintiff's counsel moved to strike out all that part of the return which referred to the price the grain sold for at the execution sale as immaterial and irrelevant. The court sustained the objection, and the return was stricken out. We think this was error. While this evidence may not be conclusive as to value, yet it is *prima facie* evidence of value, and should not have been stricken out. Herm. Ex'ns, § 241, p. 288; *Worthington* v. *Hanna,* 23 Mich. 530; *Walrath* v. *Campbell,* 28 Mich. 111. There are many other errors assigned, but we do not think they merit further consideration. For the reasons given the judgment is reversed, with costs, and a new trial granted.

ZANE, C. J., and HART, District Judge, concur.