## MOULTON v. STAATS et al.

No. 5279.   Decided December 4, 1933.   (27 P. [2d] 455.)

*Larson & Larson,* of Manti, for appellants.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

CHRISTENSEN, District Judge.

The plaintiff, Grant Moulton, commenced this action in the district court of Millard county, in the Fifth judicial district, to recover from the defendants damages for injury which he received while employed by the said defendants, and working in and at certain mining property then owned, operated, and conducted by defendants in what is known as and called the Drum Mountain, near Joy, Juab county, Utah, due to the negligence and carelessness of the defendants.

The defendants, in their answer, interposed a counterclaim for moneys advanced to the plaintiff to cover doctor's fees, hospital fees, and living expenses of the plaintiff during his illness and convalescence from the injury alleged to have been suffered by him as a result of the accident set out in plaintiff's complaint. The jury returned a verdict in favor of the defendant M. M. Steele, and against the plaintiff, no cause of action. The jury returned a verdict against the

defendants, Fred Staats, Mrs. M. M. Steele, Frank Pratt, and Mrs. Frank Pratt, and in favor of the plaintiff.

From the judgment upon said verdict of the jury in favor of the plaintiff, and from the order of the court denying and overruling defendants' motion for new trial, and from a certain order of the court striking affidavit of eight jurors and denying motion of the defendants to modify the judgment entered, the last-named defendants prosecute this appeal to the Supreme Court. Numerous errors have been assigned, but it is contended by the respondent that for the reason that no bill of exceptions has been settled there is nothing before this court except the judgment roll, and that appellants can be heard only on those questions which the judgment roll presents, and that therefore the only question which can be considered upon this appeal is: Does the complaint state facts sufficient to constitute a cause of action? The appellants urge, in particular, that the order of the trial court overruling their motion for new trial, and likewise the order overruling their motion to amend the verdict, constitute parts of the judgment roll and are therefore properly before this court for consideration.

As to the first assignment of error, that the trial court erred in overruling defendants' general demurrer to plaintiff's complaint, we are of the opinion that plaintiff's complaint states a cause of action and that therefore no error was committed by the court in overruling the demurrer.

Assignments of errors numbers 2, 3, 4, 5, 6, and 7 are questions that can only be presented to this court by bill of exceptions, and are not presented by the judgment roll.

Assignment of errors No. 8 presents a somewhat different situation. Comp. Laws Utah 1917, § 6867, specifically provides that the order overruling the motion for new trial is among the papers which constitute the judgment roll and this assignment is therefore before this court for consideration.

The provisions of Comp. Laws Utah 1917, § 6867, make no mention of affidavits supporting a motion for new trial,

being a part of the judgment roll, nor is a motion for new trial nor notice of intention to move for new trial expressly made a part of the judgment roll. It will be noted that section 6867 was amended by Laws of Utah 1925, p. 112, c. 52, but the amendment relates only to adding all orders extending the time for the preparation, service, and settlement of bills of exception to the judgment roll. This court, it seems, has in its former decisions held rather strictly to the statute as to what constitutes the judgment roll. *Perego* v. *Dodge*, 9 Utah 3, 33 P. 221; *Warnock Ins. Agency* v. *Peterson Real Estate Inv. Co.*, 35 Utah 542, 101 P. 699; *Hecla Gold Mining Co.* v. *Gisborn*, 21 Utah 68, 59 P. 518.

"As a general rule affidavits are not part of the record proper because they are in the nature of evidence * * * they must be presented as part of the appeal record in the manner required by the practice of the particular jurisdiction, which is usually by bill of exceptions." 4 C. J. 143, 144, 145.

It would seem that in the light of the decisions of this court and of the fact that Comp. Laws Utah 1917, § 6867, and the amendment thereto, Laws of Utah 1925, p. 112, c. 52, while making the order overruling the motion for new trial a part of the judgment roll, makes no mention of the motion itself or of the notice of intention to move for new trial, or of the affidavits filed in support of the motion, we are not authorized to say that these latter matters are a part of the judgment roll, and, of course, if they are not, we may not take notice of them on appeal in the absence of a bill of exceptions.

It is elementary that the order overruling the motion for new trial must stand unless it is made to affirmatively appear that the trial court was in error. No such affirmative showing is before this court. The only mention of the order overruling and denying the defendants' motion for new trial found in the files and records of the case is the following abstract of minute entry, dated July 13, 1931:

"The Court overruled and denied defendants' motion for new trial. Mailed copy to Larson and Larson, and to Willard Hansen."

The assignment must therefore fail.

We now reach the last and most serious of appellant's assignments of error. Assignment No. 9 relates to the order of the trial court denying defendants' motion to amend and correct the verdict of the jury and to modify the judgment entered. In the case of *Cullen* v. *Harris* ■ *et al.*, 27 Utah 4, 73 P. 1048, this court reaffirmed the doctrine that an order denying the motion to correct a judgment may be reviewed on appeal from the judgment if properly preserved in the record:

"The respondents contend that this appeal should be dismissed for the reason that the order appealed from is not a final judgment. We are of the opinion that this contention is correct. Mr. Justice Miner, in delivering the opinion of this court in *White* v. *Pease*, 15 Utah 170, 172, 49 P. 416, 417, said: 'The judgment in this case was final. The proceeding on motion for a new trial had reference to the regularity of the judgment. The order refusing a new trial was an order confirming its finality. We are of the opinion that any errors committed by the trial court in granting or refusing to grant a new trial, and any affidavits used on said motion, if properly identified and embodied in a bill of exceptions, or otherwise properly preserved in the record, may be reviewed on appeal from the judgment.' So in this case the judgment was final. The proceeding to correct had reference to the regularity of the judgment. The order denying the motion was an order confirming its finality. Any errors committed by the trial court in denying such motion * * * could only be reviewed upon an appeal from the judgment. *Watson* v. *Mayberry*, 15 Utah 265, 49 P. 479; *Nelson* v. *Southern Pacific*, 15 Utah 325, 49 P. 644."

The judgment in the instant case was final. The proceeding to amend and correct the judgment has reference to the regularity of the judgment, and the order denying the motion was an order confirming its finality, and may therefore be reviewed on appeal from the judgment if properly preserved. In the case of *Cullen* v. *Harris*, supra, the appeal was taken from the order denying the motion to correct, and the appeal was dismissed upon the ground that any

error committed by the trial court in denying such motion could only be reviewed upon an appeal from the judgment, whereas in the case of *White* v. *Pease*, supra, the appeal was taken from the judgment and from the order overruling defendants' motion for a new trial. The Supreme Court dismissed the appeal from the order overruling defendant's motion, but proceeded to review the case on the appeal from the judgment of the trial court.

In conformity with the following provisions of the statute and rulings of this court it becomes our duty to dismiss the defendants' appeal from the order denying the motion to amend the verdict and modify the judgment, and to proceed to review the appeal of the defendants from the judgment of the court, upon the ninth assignment of error.

"Upon an appeal from a judgment, all orders, rulings, and decisions in the action or proceeding to which exceptions have been taken in the court below, or which are deemed excepted to as provided by this code, are before the supreme court for review." Comp. Laws Utah 1917, § 6994.

"The verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision finally determining the rights of the parties, or some of them; an order or decision from which an appeal may be taken * * * are deemed to have been excepted to." Comp. Laws Utah 1917, § 6966.

"The appeal from the order denying defendants' motion for a new trial is dismissed. * * * For the reasons given the judgment is reversed, with costs, and a new trial granted." *White* v. *Pease*, supra.

"This appeal is from the judgment, and from the order overruling the motion for a new trial; but as this court has held in *White* v. *Pease*, 15 Utah 170, 49 P. 416, that no appeal lies in this state from an order overruling a motion for a new trial, the appeal from the judgment alone can be considered." *Nelson* v. *Southern Pacific Co.*, supra.

The appeal from the order denying motion to amend and modify the judgment is dismissed.

Now in reviewing the appeal of defendants from the judgment of the trial court upon the ninth assignment of error, the question before us is: Did the trial court commit revers-

ible error in denying the motion to amend the verdict of the jury and to modify the judgment in accordance with the amended verdict? The defendants' motion, which was based on the affidavit of eight jurors, is as follows:

"Come now the defendants, Fred Staats, Mrs. M. M. Steele, Frank Pratt, and Mrs. Frank Pratt, his wife, by their attorneys Larson & Larson, esq., and move the court to amend the verdict of the jury to conform to the intention of the jurymen by deducting from the verdict of $2500.00 rendered against said defendants, the sum of $886.00, the amount found due from plaintiff to said defendants, on said defendant's counterclaim in said action, and to modify the judgment entered on said verdict in accordance with the amended verdict.

"Said motion will be based upon the records and files in said case, and upon affidavits of the respective jurymen now on file in said case."

The order of the trial court denying the said motion to amend and modify the judgment is herewith given haec verba:

"The motion of the defendants to amend the verdict of the jury to conform to the intention of the jury-men by deducting from the verdict of $2,500.00, rendered against said defendants, the sum of $886.00, the amount alleged to have been found due from the plaintiff to the defendants on the defendants counterclaim in said action, and to modify the judgment entered in said verdict in accordance with the amended verdict, which motion was based upon the records and files in the said cause and upon the affidavits of the eight jury-men who sat at trial jurors in the case, a copy of which affidavit of said jury-men is as follows:

"'We, the undersigned, being each duly sworn, each one for himself and not one for the other, depose and say:

"'That we the undersigned were jurors empaneled in the above-entitled case and accepted as trial jurors therein and that we rendered the verdicts which were rendered in the said case; that our intention was to render as we did a verdict of no cause of action against the defendant, M. M. Steele.

"'That our intention was to render a verdict in favor of Grant Moulton, the plaintiff, against the defendants Fred Staats, Mrs. M. M. Steele, Frank Pratt and Mrs. Frank Pratt for the sum of $2,500.00 damages.

"'That our intention was to render a verdict for the defendants on their counter-claim for the sum of $886.00, same to be offset against the said sum of $2,500.00, leaving a balance of $1614.00 in favor of

the plaintiff and against the four defendants last above named and our failure to find a verdict for the defendants on their counter-claim in the sum of $886.00 was an oversight on our part and said failure on our part was not intentional.'

"Came on regularly to be heard on the 5th day of October, 1931. Lewis Larson, Esq., of Manti, Utah, appearing for the defendants, and Willard Hanson, Esq., of Salt Lake City, Utah, appearing for the plaintiff. Whereupon the plaintiff, by his attorney Willard Hanson, moved the court to strike the Affidavit of the eight jurors aforesaid, on the ground that the Affidavit impeached their own verdict.

"Now therefore, after hearing the arguments of the respective counsel, and being fully advised in the premises, it is ordered that the affidavit of the jurors aforesaid is stricken, and the motion of the defendants to amend the verdict of the jury to conform to the intention of the jurymen by deducting from the verdict of $2,500.00 rendered against said defendants, the sum of $886.00, the amount alleged to have been found due from plaintiff to said defendants, on said defendants counter-claim in said action, and to modify the judgment entered in said verdict in accordance with the amended verdict, is denied and over-ruled."

"While a bill of exceptions is the usual and regular mode of making the court's action upon a motion and exception thereto a part of the record, it is not the only mode. The order or judgment of the court may itself show all that would be necessary for a bill ■ of exceptions to show in order to make the matter a part of the record, and if it does it is sufficient." 4 C. J. 125, and citations.

The order denying the motion to amend and correct the judgment seems to us to show all that would be necessary for a bill of exceptions to show in order to make the matter a part of the record. The said order of the trial court shows, over the signature of the judge, that there was a motion to modify the judgment to conform to the intention of the jurymen; it sets out in full the affidavit of the jurymen; that the motion came on regularly to be heard; that counsel for plaintiff moved to strike the affidavit of the eight jurors on the ground that the affidavit impeached their own verdict; that the court, after hearing the arguments of respective counsel, ordered that the affidavit of the jurors be stricken; and that the motion of defendants to modify the judgment, in accordance with the amended verdict, be denied.

From the order it is apparent that there was a plain disregard by the jury of the instructions of the court, which should have satisfied the court that the verdict was rendered under a misapprehension of such instructions. The court's instruction No. 8 was as follows:

"You are instructed that if you should find the issues against the plaintiff and in favor of the defendants, all you would be entitled to give the defendants on their counterclaim would be the sum of $886.50. You are further instructed that if you should find the issues in favor of the plaintiff, and against the defendants, or any of them, the defendants would be entitled to a set-off in the sum of $886.50, and in your verdict you would find the difference between the total amount of damages you find the plaintiff has sustained, if you find he has sustained any, and the amount the defendants are entitled to as a set-off."

"All instructions requested or given * * * become a part of the judgment roll." Comp. Laws Utah 1917, § 6806.

Comp. Laws Utah 1917, § 6983, provides that under such circumstances the court may, on its own motion, vacate the verdict of the jury and grant a new trial. In the order the trial court not only denied and overruled the motion to amend and modify the judgment, but also ordered that the affidavit of the jurors, as aforesaid, be stricken on the ground that it impeached their own verdict.

"The general rule, that the statements of jurors will not be received to establish their own misconduct, or to impeach their verdict, does not prevent the reception of their evidence as to what really was the verdict agreed on, in order to prove that, through mistake or otherwise, it has not been correctly expressed, as the agreement reached by the jury, and not the written paper filed, is the verdict; and a showing that the writing is incorrect is not an impeachment of the verdict itself." 27 R. C. L. 900, § 74.

"Affidavits of jurors are admissible to show that the verdict, as received and entered of record, by reason of a mistake, does not embody the true finding of the jury." 38 Cyc. 1903 and citations.

We think the court erred in striking the affidavit of the eight jurors and in denying the motion of defendants to amend the verdict of the jury and to modify the judgment entered, and that such error was clearly prejudicial.

"Some courts incline to the view that a new trial is the only relief after the jury have separated. But the weight of authority is that on sufficiently clear showing of the mistake and of what ■ was the verdict agreed on and intended to be expressed, the court may substitute a true expression for the incorrect one, and enter judgment accordingly." 27 R. C. L. 900, 901.

"Where it appears that at a new trial the result must necessarily be the same, the court, on motion for new trial, should ■ direct the proper verdict and judgments." 46 C. J. 439; *Herndobler* v. *Rippen*, 75 Or. 22, 146 P. 140.

The judgment is reversed and the case is remanded to the court below with direction to permit the amendment of the verdict of the jury to conform with their intentions, and that the judgment entered be modified pursuant to the true intentions of the jury and in conformity with the actual verdict as it was intended to be by the jurymen. Costs to appellants.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.