**YOUNG v. UNITED STATES.**

**DEER v. SAME.**

**POLK v. SAME.**

Nos. 3475–3477.

Circuit Court of Appeals, Tenth Circuit.

July 10, 1947.

Writ of Certiorari Denied Oct. 13, 1947.

See 68 S.Ct. 83.

Edward Rooney, of Topeka, Kan., and A. D. Weiskirch, of Wichita, Kan., for appellants.

Randolph Carpenter, U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An indictment containing five counts was returned in the United States Court for Kansas against William A. Burch, Lee Deer, William R. Herndon, Rex Markley, Ralph L. Polk, Dean Pricer, and Lee Young. The first count charged a conspiracy to carry on the business of wholesale liquor dealers, in violation of certain provisions of law; the second count charged that while engaged in carrying on the business of liquor dealers, the defendants wilfully failed to pay the special tax as required by law; the third count charged that while engaged in carrying on such business, the defendants purchased and received distilled spirits in quantities greater than twenty gallons from persons other than an authorized rectifier of distilled spirits; the fourth count charged that while engaged in carrying on such business, the defendants failed, neglected, and refused to keep records in the form prescribed by the Commissioner of Internal Revenue; and the fifth count charged that while engaged in carrying on such business, the defendants failed, neglected, and refused to place and keep conspicuously on the outside of the place or places in which they conducted the business a sign reading "Wholesale Liquor Dealer", as prescribed by statute. All of the defendants except Burch were tried together. The defendant Deer was convicted on the first, second, third, and fifth counts; the defendant Polk was convicted on the second and fifth counts; and the defendant Young was found guilty on the first, third, and fourth counts. Motions for new trial were denied, sentences were imposed, and notices of appeal were lodged. Thereafter, the three defendants each filed a further motion to set aside the verdict and grant a new trial on the ground that the verdict of guilt as to him was reached by means other than a fair expression on the part of all jurors. Affidavits of members of the jury were attached to each motion. The motions were denied on the ground that appeals

having been perfected, the district court was without jurisdiction to entertain the motions. The three defendants then filed separate motions in this court to remand the causes to the district court for the purpose of enabling that court to hear and determine the motions for new trial. Affidavits of two members of the jury are attached to the motion by Deer. It is stated in one of the affidavits that while the jury were deliberating upon their verdict, one member stated to another member that the defendants Deer and Polk were closely associated; that the defendant Polk was a bad man; that he had shot a man and thrown his body in a river; and that for these reasons the two defendants should be convicted and imprisoned. It is stated in the other affidavit that the same member of the jury seemed to be prejudiced against the defendant Polk and said among other things that all of the defendants were in a syndicate and were guilty. Affidavits of all members of the jury are attached to the respective motions of the defendants Polk and Young. The substance of the affidavits is that there were five counts in the indictment and six defendants; that in effect the jury had to agree upon thirty verdicts; that the deliberations were long; that the jurors became weary; and that near the close of their deliberations there was some confusion as to the particular charges in the respective counts. The several jurors each for himself stated that he intended to find the defendant Polk guilty of entering into the conspiracy, but not guilty of selling whiskey without a license, and to find the defendant Young guilty of selling whiskey without a license, but not guilty of entering into the conspiracy; and that after the verdict was returned and the jury discharged from further service in the case, he learned for the first time that according to the verdicts returned into open court the defendant Young was found guilty of entering into the conspiracy and not guilty of selling whiskey without a license, and the defendant Polk was found guilty of selling whiskey without a license and not guilty of entering into the conspiracy.

The scope of the motions under consideraation is to remand the cases in order that the district court may entertain the motions filed in that court to set aside the verdicts and grant a new trial, and to hear in support of the motions the evidence of members of the jury. Appellant Deer desires to introduce the testimony of two members of the jury to show that a third member made improper statements in the jury room in the course of the deliberations of the jury. Appellants Polk and Young desire to introduce the testimony of members of the jury to show the agreement actually reached in the jury room as to the counts in the indictment on which they were found guilty. While recognizing that the rule may not be without exceptions, and though an exception was recognized in Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917, based upon considerations of sound public policy, it has been held over a long period of time that ordinarily jurors in the United States Courts will not be heard to give testimony, either oral or by affidavit, for the purpose of impeaching the verdict returned where the facts sought to be shown are such that they essentially inhere in the verdict. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann. Cas. 1914A, 614; McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; Walsh v. United States, 7 Cir., 174 F. 615, certiorari denied 215 U.S. 609, 30 S.Ct. 409, 54 L.Ed. 347; Stout v. United States, 10 Cir., 227 F. 799, certiorari denied 241 U.S. 664, 36 S.Ct. 549, 60 L.Ed. 1227; Stewart v. United States, 8 Cir., 300 F. 769; Williams v. United States, 6 Cir., 3 F.2d 933; Ramsey v. United States, 6 Cir., 27 F.2d 502; Lancaster v. United States, 5 Cir., 39 F.2d 30; Davis v. United States, 5 Cir., 47 F.2d 1071, certiorari denied 284 U.S. 646, 52 S.Ct. 25, 76 L.Ed. 549; Manhattan Oil Co. v. Mosby, 8 Cir., 72 F.2d 840, certiorari denied 293 U.S. 623, 55 S.Ct. 237, 79 L.Ed. 710; Jordon v. United States, 66 App.D.C. 309, 87 F.2d 64, certiorari denied 303 U.S. 654, 58 S.Ct. 762, 82 L.Ed. 1114; Bateman v. Donovan, 9 Cir., 131 F.2d 759; Orenberg v. Thecker, 79 U.S.App.D.C. 149, 143 F.2d 375; Johnson v. Hunter, 10 Cir., 144 F.2d 565; Loney v. United States, 10 Cir., 151 F.2d 1; Eagle Lake Improve-

ment Co. v. United States, 5 Cir., 160 F.2d 182. The case of Southern Pacific Co. v. Klinge, 10 Cir., 65 F.2d 85, certiorari denied 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569, is not to the contrary. There, upon motion for new trial it was shown by affidavits of jurors that while the jury were engaged in their deliberations one member made the statement that he had been told that the railway company had made a certain offer of settlement; and that after an overnight adjournment, the juror made the further statement in the course of the deliberations of the jury that he had investigated and verified the fact that the offer had been made. The trial court denied the motion on the ground that public policy did not permit the exploring of the proceedings in the jury room. This court reversed, holding that the trial court should have considered the facts disclosed by the affidavits and granted a new trial. But there part of the misconduct took place outside the jury room, separate and apart from the deliberations of the jury. That misconduct consisted in a member of the jury having an outside contact, obtaining from that source confirmation of certain information respecting the case, and relaying the confirmation to other jurors. No comparable situation is presented here. It is not suggested that any member of the jury had any outside contact respecting the case. Neither is it intimated that any attempt was made by an outsider to influence or bring pressure upon the jury in connection with their deliberations or verdict.

■ The rule to which reference has been made excluding testimony or affidavits of jurors to impeach the verdict for misconduct of members of the jury occurring within the jury room and in connection with the deliberations of the jury does not prevent the reception of evidence of jurors to show that through mistake, the real verdict on which agreement was reached in the jury room was not correctly expressed in the verdict returned into open court. Jurors cannot be heard to testify that while the substance of the verdict returned into court was understood, it was predicated upon a mistake of the testimony, a misrepresentation of the law, unsound reasons,

or improper motives. But jurors are competent witnesses for the purpose of showing that through oversight, inadvertence, or mistake respecting the substance of the verdict returned into court, is was not the verdict on which agreement was actually reached in the jury room. Hamburg-Bremen Fire Insurance Co. v. Pelzer Manufacturing Co., 4 Cir., 76 F. 479; Freid v. Mc-Grath, 77 U.S.App. D.C. 385, 135 F.2d 833: Dalrymple v. Williams, 63 N.Y. 361, 20 Am.Rep. 544; Peters v. Fogarty, 55 N.J.L. 386, 26 A. 855; Randall v. Peerless Motor Car Co., 212 Mass. 352, 99 N.E. 221; Wolfgram v. Town of Schoepke, 123 Wis. 19, 100 N.W. 1054, 3 Ann.Cas. 398; Carlson v. Adix, 144 Iowa 653, 123 N.W. 321, Ann. Cas. 1912A, 1204; Caylat v. Houston East & West Texas Railway Co., 113 Tex. 131, 252 S.W. 478; Moulton v. Staats, 83 Utah 197, 27 P.2d 455.

■ But appellants do not seek to have the causes remanded in order that the district court may reform the verdicts so that they will correctly express the agreement actually reached by the jury but incorrectly expressed in the verdicts as returned into open court and then enter new judgments upon the corrected verdicts. Appellant Deer seeks to have the verdict finding him guilty completely set aside and nullified on account of certain statements made by one member of the jury in the course of deliberation. And appellants Polk and Young each seeks to have the verdict finding him guilty completely set aside and nullified because it failed to express the agreement actually reached in the jury room. Neither seeks to have the verdict as to him corrected or reformed so that it will express conviction on the counts on which the jury intended and agreed to find him guilty. Instead, each seeks to have the verdict finding him guilty completely uprooted and nullified in toto, and a new trial awarded. Correction or reformation of a verdict is one thing. Impeachment is quite another. Each of these appellants seeks to impeach the verdict finding him guilty, and they all rely solely and exclusively upon the testimony of members of the jury for that purpose. It therefore is manifest that if the causes were remanded, the testimony of the members of the jury would

not be admissible in support of the motions filed in the district court to set aside the verdicts and grant a new trial. In other words, the remand of the causes would amount to nothing less than a vain and useless gesture. Accordingly, the motions to remand are severally denied.