373 P.2d 904

**Lorenzo C. FORSEY, Plaintiff and Respondent,**

v.

**E. Girard HALE, Executor of the Will and Estate of Mabel Bean Forsey, deceased, Defendant and Appellant.**

No. 9585.

Supreme Court of Utah.

Aug. 13, 1962.

Callister & Kesler, Salt Lake City, for appellant.

Romney & Nelson, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Lorenzo C. Forsey, surviving husband, sues E. Girard Hale, the son by a prior marriage, beneficiary under the will, and executor of the estate of Mabel Bean Forsey for the reimbursement of $1,205.41 expenses incident to her last illness.

The expenses referred to were paid directly to the doctor and hospital by the Lincoln National Life Insurance Company pursuant to an employee's group insurance policy issued to the plaintiff covering medical and hospitalization benefits for him and his dependents. Upon the presentation of these facts and the certificate of insurance, both parties moved for summary judgment and the trial court gave judgment for the plaintiff. Defendant appeals.

The basis of the trial court's conclusion is this: Sec. 75–9–21, U.C.A.1953, requires the executor to pay out of the estate the expenses of last illness and funeral; and that since plaintiff assumed this obligation and caused it to be paid, the estate should reimburse him. Defendant concedes that ordinarily one who pays such expenses would be entitled to such reimbursement.[1]

He argues that the plaintiff here is not so entitled, however, because he did not spend his own money to pay these bills but they were paid from the insurance.

This contention poses the question: who is entitled to the benefit of this insurance coverage: the plaintiff or the estate of his wife.

In support of his position the defendant makes the assertion that the insurance coverage was but a gratuity furnished by the employer. This is an unsound and superficial view of the matter. In order to obtain this insurance coverage it was necessary for the employee to take the initiative and sign up both for himself and for his dependents. The insurance program as shown by the brochure, which is the insurance certificate, plainly indicates that it was held out to the employee (plaintiff) as a benefit of his employment. And it is certain that he would not have had this insurance coverage except for his work as an employee. Therefore it is properly regarded as earned by him as part of the compensation for his services.

Plaintiff's right to reimbursement would not be disputed if he had placed a given amount of money in a bank account each payday to take care of emergencies such as these hospital and doctor bills, and had used the accumulated fund to pay such expenses. Insofar as his right to reimburse-

---

1. See Dunn v. Wallingford, 47 Utah 491, 155 P. 347.

ment is concerned, we do not see any material distinction between taking care of this obligation by that method and the one he chose of procuring insurance and paying premiums in advance to see that the obligation was met when it arose. The means by which he did so should not defeat his right to claim the advantage of the benefit created by his initiative and effort. The important fact is that he did assume the responsibility for those expenses and by his own means caused them to be paid.

It is also to be kept in mind that the payment of the proceeds of insurance is governed by contract: i. e., the provisions of the policy. The certificate of insurance here involved leaves no room for doubt as to whom these proceeds are to be paid. By its terms they must go to either one of two parties: it states that " * * * *in the event of the insured's death* the proceeds shall be paid * * * to the beneficiary designated by you [his wife]; *all other benefits are payable to you*." (Emphasis added.) The money to cover these expenses was part of the "other benefits." Therefore it was payable to the plaintiff and belonged to him; not to his wife's estate. Inasmuch as the insurance company, on his behalf, paid the doctor and hospital, thus relieving the estate of an obligation which is a preferred claim against it,[2] justice requires that the estate reimburse him.[3]

We do not see any significance in the fact, much emphasized by the defendant, that the insurance company paid the bills directly rather than to pay it to the plaintiff and have him act as a conduit for delivery of the money to the doctor and hospital. Regardless of the steps taken in making payment it is plain that the insurance company did nothing more nor less than to comply with the terms of its contractual obligation to its insured,[4] plaintiff Forsey, to pay these bills for him, which obligation was brought about by his initiative in signing up for the insurance and his labor which caused the premiums to be paid.

Accordingly, we are of the opinion that the trial court was correct in ruling that the proceeds of this insurance coverage of the medical and hospital expenses of his wife's last illness inures to the benefit of the plaintiff and that he is entitled to reimbursement therefor.

Judgment affirmed. Costs to respondent.

WADE, C. J., and PARLEY E. NORSETH, District Judge, concur.

2. Sec. 75-9-21, U.S.C.1953 charges the executor with the duty of paying certain debts including, " * * * expenses of the last sickness * * *." It is a preferred claim: see In re Mower's Estate, 93 Utah 390, 73 P.2d 967.

3. See Anderson v. Industrial Comm., 108 Utah 52, 157 P.2d 253.

4. See Phoenix Ins. Co. v. The Atlas, 93 U.S. 302, 23 L.Ed. 863.

**318**

HENRIOD, Justice (dissenting).

I dissent. A casual reading of the policy shows that it is a common, widely used group insurance type designed to insulate the insured and his family against accident and health eventualities, with a life feature protecting a named beneficiary of the insured. The accident and health features pay ordinary expenses of accident or illness *of either the insured, his wife and/or dependents.* It is dedicated to the payment of such expenses and is wholly unrelated to the statute in question, and does not differentiate between accidents or illnesses on the basis of last illness or temporary illness. It is perfectly obvious what it is meant to do, and the fact that it specifically states that "all other benefits are payable to you," (except the life feature, which quite obviously could not be paid to the insured) taken together with the myriad benefit and exclusion provisions of the policy, reflects that the core of the coverage is to protect the insured against obligations he would be bound by law and statute to pay, and to provide funds to pay beneficiaries, such as doctors and hospitals, who effectively could claim payment from him or his insurance carrier.

The theory of the instant case is that if plaintiff cannot recover an amount from the estate equal to that which has already been paid by the insurance company to a doctor and hospital, the estate will be unjustly enriched. To so conclude is neither accurate nor realistic. The estate received nothing from the insured or anyone else. It simply did not have to comply with the statute since an insurance program had relieved the estate of any obligation to pay, and the expenses had already been paid. The statute does not require payment if other means are afforded to get these expenses paid. Such would be the case, for example, if Mrs. Forsey had taken out the policy to have the expenses of her illnesses paid, which illnesses may have been sporadic, periodic, temporary or such as immediately preceded her ultimate death. In such event there would be no one to reimburse, but the argument could be advanced as readily in such a situation, that the estate would be unjustly enriched at the expense of the insurance company that paid the bills. The logical conclusion under the assertions in the main opinion, would be that the insurance company, because of such unjust enrichment, should be reimbursed, in whole or in part, according to the equities.

The statute calls for payment of the expenses of the last sickness, not because they are "claims" against the estate, or expenses of administration, but because such expenses historically have represented a "charge against the estate which the law authorizes because of the dictates of society,[1] and regulates by statutes in some

1. Bancrofts Probate Practice, 2nd Ed. Vol. 3, Sec. 781, p. 532.

states." Reimbursement here is born of public policy, and not because of premiums paid on a health and accident insurance policy that inures to the benefit of the insured, his wife and dependents, doctors, hospitals and the like.

It seems rather obvious to the writer that neither Mr. Forsey, his company, nor the insurance company contemplated by the use of the generality "all other benefits are payable to you," distinguishing them from a benefit (life insurance) that could not possibly be paid to the insured, had in mind that Forsey, upon payment of sickness benefits by the insurance company, could profit by the incidence of death of his own wife, which he could not have done had there been sicknesses without immediate death. It would be completely unreasonable and unrealistic to so conclude for several other reasons, which negative such conclusion and distortion of the policy. The plaintiff here did not pay all the premiums, but probably less than one-half, since the letter of transmittal itself said that "We urge you to show appreciation of the fact that your employer is paying a substantial portion of your premium." If it were contemplated that Forsey was to be reimbursed from the estate, it inescapably follows that the employer was to be reimbursed from the estate, since he paid part of the premium. It would be unthinkable that equity would lend its facilities in permitting both the employee-husband and also his employer to pro-rate any recoupment at the expense of the death of the former's wife. It must be remembered that plaintiff seeks equitable relief on the basis of an unjust enrichment, and he, in seeking equity, is not doing it; otherwise he would have made his co-payor of premiums his co-plaintiff, asking for co-relief, based on the percentage paid by each on the premium.

It seems rather unusual that the plaintiff would urge an unjust enrichment at his expense. In affirming the trial court, Forsey would get a windfall he would not have had otherwise, in the amount of $1,250. On the other hand he has been relieved of $1,250 of obligations he himself created, if the estate were unable financially to respond under the statute. After such windfall or relief from his own obligations, he then would retain for himself and his children and for a possible future wife, all of the benefits of the policy. He not only gets the windfall, or relief from obligation, but he gets a further windfall by having his employer expend its money to pay part of the premium to preserve such benefits and produce the $1,250 he seeks in equity. This writer's conception of the principles of equity does not call for their application in reverse as would appear to be the case here.

The trial court and the main opinion seem to conclude that the policy was designed to pay for only the last sickness.

The subjoined Schedule of Benefits show that such type of illness is no doubt compensable in but a few instances.

This Schedule of Benefits itself would seem to negate any contemplation that anyone would be compensated out of the death of

## SCHEDULE OF BENEFITS

| Insurance Classification of Employees | Life Amount of Insurance | Accidental Death, Dismemberment and Loss of Sight Full Am't of Insurance | Hospital Expense | | Surgical Scheduled Amount for Each Operation Maximum Benefit | In Hospital Medical Care Maximum Benefit for a Single Treatment | Major Medical Expense Maximum Benefit |
|---|---|---|---|---|---|---|---|
| | | | Board and Room Daily Benefit Up to | Special Charges Maximum Allowance | | | |
| All Employees who do not elect Life Insurance Benefits on or before September 1, 1958 | — | $2000 | $15 | $300 | $450 | $3 | $10,000 |
| Employees | 2000 | 2000 | 15 | 300 | 450 | 3 | 10,000 |
| Department Heads and Supervisors | 5000 | 2000 | 15 | 300 | 450 | 3 | 10,000 |
| Executives | 10,000 | 2000 | 15 | 300 | 450 | 3 | 10,000 |
| Their Dependents | — | — | 15 | 300 | 450 | 3 | 10,000 |

a relative, other than by an insurance company for sicknesses, the least of which, being last illnesses, are not mentioned as such and which everyone knows do not predominate in incidence of occurrence.

It is suggested in the opinion that if Forsey had put away an amount each pay day and used the aggregate to pay such expenses, there is no material distinction between that method and paying premiums in advance to see that the obligation was met when it arose. There is considerable distinction: on the one hand he pays the expenses and is reimbursed by the estate. He comes out even. In the other case he is relieved of payment and the insurance company pays the expenses, while he gets reimbursed from the estate, in an amount

obviously in excess of any proportionate portion of the premium paid by him *and* his employer, who gets nothing, all of which must be looked at in light of the fact that Forsey still retains all the benefits under the policy for himself, his children and a possible future spouse.

The main opinion also assumes something, by way of syllogism of a sort, that because the policy says "all other benefits are payable to you," that Forsey could keep the money had it been paid to him instead of the doctors and the hospital. The policy is dedicated to the payment of the expenses which it covers, and it is the opinion of this writer that the doctors and the hospital effectively could have imposed a charge on the moneys, and would not necessarily have had to look to a perhaps insolvent estate for their pay. The main opinion stresses the fact that payment of the proceeds is governed by contract, to illustrate that Forsey should be reimbursed, by saying the certificate leaves no room for doubt as to whom the proceeds are to be paid, underscoring the words "all other benefits are payable to you." If this be the case, the plaintiff in this case should have sued the insurance company for having paid the wrong payees. It is no answer to say that the insurance company relieved the estate by making payment to the doctor and hospital direct, since it assumes something not in evidence, the ability of the estate to make payment. If the estate is insolvent, payment direct to the doctor and hospital clearly would give rise to a cause of action for not paying the person called for under the contract.

It seems quite inconsistent for the main opinion to discount the fact that the insurance company paid the amounts direct to the doctor and hospital, saying it was doing "nothing more nor less than to comply with the terms of its contractual obligation to its insured * * * to pay these bills *for him*," and then base its whole conclusion on the theory that the bills were paid *for the estate*, causing its unjust enrichment.

The case should be reversed.

McDONOUGH, J., concurs in the dissenting opinion of HENRIOD, J.

CALLISTER, J., having disqualified himself, does not participate.