378 P.2d 358

Lorenzo C. FORSEY, Plaintiff and Respondent,

v.

E. Girard HALE, Executor of the Will and Estate of Mabel Bean Forsey, deceased, Defendant and Appellant.

No. 9585.

Supreme Court of Utah.

Feb. 6, 1963.

Callister & Kesler, Salt Lake City, for appellant.

Romney & Nelson, Salt Lake City, for respondent.

NORSETH, District Judge.

Upon re-examination of the law and the facts established in this case, and on arguments advanced on the rehearing of the matter, this court concludes that the dissenting opinion rendered in the former opinion reflects the proper conclusion to be arrived at in this case. It further appearing that no good purpose can be served in repeating here the reasons and arguments advanced—either in the main or dissenting opinions—it is therefore the decision of this court that the trial court's judgment should be, and the same is, hereby reversed for the reasons urged in the dissenting opinion.

In view of the nature of this case, and exercising of the discretion which this court has, no costs are awarded.

HENRIOD, C. J. and McDONOUGH, J., concur.

CROCKETT, Justice (dissenting).

I dissent, adhering to the position and reasoning stated in the prior opinion. 13 Utah 2d 315, 373 P.2d 904. In an effort to make this as clear as possible I add the following:

There are two propositions which I regard as fundamental and inescapable and which should be controlling in this situation:

*First, the duty to pay for decedent's last illness and burial falls primarily upon her estate.* This is the law generally and is expressly made so in Utah by our statute.[1] Only secondarily is the husband (or anyone else) obliged to pay such charges. It is sound policy to encourage the payment of these necessary expenses so that a person in last illness or death will be cared for. Accordingly, the law wisely recognizes the duty of the estate to reimburse one who takes care of them.[2] The fact that the one who pays them is the surviving spouse does not deprive him of his right to reimbursement.[3] The ruling of the majority opinion will have the undesirable effect of discouraging the safeguarding against such contingencies by insurance. If one cannot obtain reimbursement from the estate, he will not only be deprived of any advantage from his prudence and advance planning, but will actually be out of pocket the

---

1. 75-9-21, U.C.A.1953; 34 C.J.S. Executors and Administrators § 391, p. 153.
2. In re Mower's Estate, 93 Utah 390, 73 P.2d 967 (1937); see Dunn v. Wallingford, 47 Utah 491, 155 P. 347 (1916).
3. See: Columbia Trust Co. v. Auglum, 63 Utah 353, 225 P. 1089 (1924).

amount of the premiums he has paid, because he cannot even get reimbursement for them.

*Second, plaintiff's rights in this matter are governed by his contract with the insurance company.* It provided that, except only for his own death, *all other benefits under the policy were payable to him.* It is indisputable that this includes the expenses incident to Mrs. Forsey's last illness. No one other than the plaintiff had privity of contract with the insurance company. It was his privilege to enforce this obligation, and he thus could have collected the money for himself as the contract provided. The fact that it was paid directly to the doctor and hospital with his consent certainly cannot make his right any different than if he had first demanded and received the money and delivered it to them.

The assumption that the decedent, Mrs. Forsey, or her estate, was a beneficiary under the policy and had thus provided for the expenses of her own last illness is clearly erroneous. She had nothing to do with obtaining the policy and paid none of the premiums. Inasmuch as the policy unequivocally provided that all benefits should go to the insured (plaintiff), except on one contingency, the death of the insured, which has not occurred, to award decedent's estate the benefits of the insurance policy, and in effect deprive the insured (plaintiff) of them, is to disregard its plain terms and produces a result entirely different from that expressly agreed to by the parties, insured and insurer alike.

There are questions which arise and demand answer. Suppose Mr. Forsey had not been a prudent and frugal man and had had to borrow money and pay these expenses. Or, suppose he had provided against such contingency by regular savings of cash or bonds and had paid them. Can there be any doubt but that he could have claimed reimbursement from the estate? [4] Why should he be deprived of reimbursement because he had the prudence and foresight to take out insurance and pay the insurance company to take care of this obligation for him?

Furthermore, why aren't his rights to the proceeds under this policy to be determined on the basis of the clear wording of the insurance contract? By its terms these proceeds were payable to him, and they belonged to him, just as certainly and in the same way as if he had bought and paid for a policy on her life in the sum of $1,000, payable to him as beneficiary at her death. Is there any reason why he could not have collected that money, used the proceeds to pay the expenses of his wife's last illness, and have claimed reimbursement from the estate? I have neither found, nor has there been suggested, any satisfactory answers to these questions.

4. See footnotes 2 and 3, supra.

I am heartily in accord with the ruling of the trial court that the plaintiff is entitled to reap the benefits which the insurance contract plainly says he shall have and which were created by, and would not have existed except for, his initiative, industry and prudent planning. It seems to me to be an egregious injustice to deprive him of these benefits and let them inure to the benefit of others who did not assume this responsibility to the decedent.

WADE, Justice.

I dissent from the prevailing opinion on the grounds stated in prior opinion and in Justice CROCKETT's dissenting opinion.

CALLISTER, J., having disqualified himself, did not participate herein.