439 P.2d 457

**Mary Jane Reece PHILLIPS, Plaintiff and Appellant,**

v.

**Wendell BENNETT, Administrator of the Estate of Oneita S. Wolfe, Deceased, Defendant and Respondent.**

No. 11010.

Supreme Court of Utah.

April 2, 1968.

Jackson B. Howard, of Howard & Lewis, Provo, for plaintiff and appellant.

L. L. Summerhays, of Strong & Hanni, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

On November 10, 1964, the car of defendant's decedent ran into the rear end of the automobile which plaintiff was operating but which at the time was lawfully stopped. The court directed the jury that the plaintiff should recover and left the amount of damages, both general and special, to be determined by verdict of the jury. Evidence was received to the effect that a considerable part of the hospital and doctor expenses had been paid by Blue Cross-Blue Shield. Counsel for plaintiff timely and properly submitted a request for an instruction on the "collateral source" rule, but the court refused to give any such instruction.

The problem was complicated in that on March 11, 1965, some four months after the collision in question, plaintiff had backed her automobile into a utility pole and injured her back to the extent that it was necessary for her to see her doctor again.

Plaintiff was hospitalized from January 20 through 27, 1965, and again from September 16 through 25, 1965. The parties are not in agreement as to which collision required the hospital and doctor expenses incurred after March 11, 1965, the date of the second collision. The plaintiff claims that all medical and hospital expenses were directly caused by the first collision and that the subsequent backing into the pole was a minor impact and of no consequence. The defendant contends that all expenses incurred after March 10, 1965, should be attributed to the impact with the pole and not chargeable to the defendant.

The total amount of special damages incurred was $1,291.29, of which $410.54 was incurred prior to March 11, 1965.

The jury found $1,000 as the amount of general damages and $500 as special damages. The proof would sustain these findings were it not for the error in refusing to instruct on the "collateral source" rule. As it applies to the facts in this case, the rule is to the effect that when an insurance company pays a party a sum of money pursuant to a policy, the premium of which was not paid by nor contributed to by the defendant, the payments so received belong to the plaintiff and are not to be credited to the defendant. See 22 Am.Jur.2d, Damages, § 206.

The plaintiff moved for an additur or in the alternative for a new trial, and the trial judge, realizing the error he had made, granted an additur of $700 to the $500 awarded as special damages. That ruling is not contested here. However, the plaintiff says that by failing to instruct properly on special damages, the court put her in a bad position before the jury in that it appeared that she was overreaching and trying to get paid twice for her special damages, and as a result thereof the general damages awarded to her were not adequate.

■ Whether there has been an inadequate award made is best left to the trial judge to determine, and in the absence of an abuse of discretion we should not interfere therewith. The law is set out in McCormick on Damages, Hornbook Series, at page 76, as follows:

> * * * In passing upon the excessiveness or inadequacy of the damages awarded most appellate courts are customarily content to turn the decision simply upon whether the award is or is not within the descriptive phrase "grossly excessive" or "manifestly unreasonable" or the like, whichever is chosen as the test in that jurisdiction. Other appellate courts are careful to point out, in addition, that they are reviewing two exercises of discretion, and that they are not called on to intervene unless the jury has transcended its discretionary powers in its award and

unless the trial judge has likewise abused his discretion in sustaining the verdict.

■ Here the trial court did grant an additur to make certain that the special damages were adequately assessed. Apparently he did not feel that the verdict needed any adjustment so far as general damages were concerned, and we cannot say as a matter of law that he was in error in refusing to grant a new trial. See Moulton v. Staats, 83 Utah 197, 27 P.2d 455.

As a matter of fact, the jury may have awarded all they intended plaintiff to receive when they gave the $500 special damages, because they could have believed that some of the expenses incurred after the collision with the pole were not chargeable to the defendant and that if there was any overreaching on the part of the plaintiff, it was in trying to charge the defendant for damages, both general and special, which he was not responsible for.

The judgment of the trial court is affirmed, with costs to respondent.

CROCKETT, C. J., and TUCKETT, J., concur.

HENRIOD, Justice (concurring and dissenting).

The appellant asked for a new trial because the trial court erred in failing to instruct that the jury was not to consider amounts paid for hospitalization by an in-

4

surance company, for special damage incurred. Plaintiff's counsel said he did not argue such contended error because the jury might consider his client as being greedy for asking for a double damage recovery.

It occurs to me that there is not too much substance to counsel's argument here that, albeit he may have been right, any argument he may have made to the jury in pressing his point, may have hurt his cause. Counsel occasionally find themselves impaled on the horns of a strategic or procedural dilemma in deciding which route to travel, but it is no answer to say that for the first time on appeal his self-inflicted wounds should be healed by an appellate court antibiotic. With this aspect of the case I concur in the main opinion's conclusion.

My colleague, Mr. Justice Ellett, author of the main opinion, sluffs off the question of an additur here of $700 to a $500 verdict because it "is not contested here." If the plaintiff complains on appeal that a $500 verdict was awry because of an errant court's failure properly to instruct, certainly the $700 additur equally was offensive to plaintiff. At least it would submerge a big frog in a little pond. In this respect the main opinion indirectly sanctions the additur by affirming the verdict, —all with what appears to be the seemingly innocuous gratuity that the question of

1. 8 Utah 2d 42, 327 P.2d 826 (1958).

the additur "is not contested here." I think it was an integral part of this appeal, since, if this court had rejected the $500 verdict, no logic could have supported the validity of the $700 additur—*except* that advanced in Bodon v. Suhrmann,[1] to which I dissented. There I pointed out that the trial court could add $1 to a $100 verdict and under the additur concept effectively could deny the plaintiff a new trial, even though the damages obviously were inadequate. This sort of tampering with jury verdicts easily could destroy the function of the jury entirely,—and the sound reasoning and decision anent the court additur function vs. the constitutional jury function, expressed by the U. S. Supreme Court case of Dimick v. Scheidt,[2] after a third of a century, never yet have been questioned save by inferior courts and this court in Bodon v. Suhrmann.

It is interesting to note that the author of the main opinion in the instant case was the trial court in Bodon v. Suhrmann. He did not grant any additur in that case. It must have come as a surprise to him when *this court, for the first time on appeal, granted an additur,*—which I think was none of this court's business. At best it was a usurpation of the trial court's authority. The trial judge in the Bodon case, presently one of my esteemed colleagues on this court, condones an additur

2. 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935), 95 A.L.R. 1150.

granted at the trial court level *because the point wasn't raised here,* but so far as I know, apparently never has condoned one before.

I agree with the affirmance by this court of the $500 jury verdict, but not any incidental, implied or unexplained affirmance of the trial court's "verdict" for the $700.

The case should be affirmed except as to the $700, but remanded with instructions to eliminate such $700 amount.

CALLISTER, J., concurs in the concurring and dissenting opinion of HENRIOD, J.