446 P.2d 301

Robert T. OTTLEY, Plaintiff and Appellant,

v.

Lois R. HILL, Defendant and Respondent and Cross-Appellant.

No. 11112.

Supreme Court of Utah.

Oct. 24, 1968.

Ben E. Rawlings, of Thomas, Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for appellant.

Carmen E. Kipp and D. Gary Christian, of Kipp & Charlier, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff commenced this action in the court below to recover for the wrongful death of his son, Trent Lee Ottley, who was at the time of his death age four. Trent Lee Ottley suffered fatal injuries when he was struck by an automobile operated by the defendant. The case was tried to the court below sitting without a jury, and the court found the issues of liability in favor of the plaintiff.

The court below found that prior to the death of his son, the plaintiff incurred the costs of medical care and treatment in the sum of $1180.80, and that said expenses were reasonably incurred and arose directly from the accident in which the defendant was involved. Following the death of the child the plaintiff incurred the costs of funeral and burial expenses in the reasonable sum of $525.76.

At the time of the injuries to his son a policy of automobile insurance was in full force and effect in which policy the plaintiff was the named insured. Under the terms of the medical provisions of that policy the insurance carrier paid to the plaintiff the sum of $500. In addition thereto the plaintiff also had policies of insurance with Blue Cross and Blue Shield in which the plaintiff was named as the subscriber and which provided coverage for medical care and treatment to the subscriber and to his dependents. Under the latter policy Blue Cross and Blue Shield paid to the plaintiff the sum of $1009.30 to apply toward payment of medical and hospital expenses. Premiums on the above

mentioned policies of insurance were paid by the plaintiff.

The trial court was of the opinion that the plaintiff's deceased son was, under the terms of the policy, a beneficiary and that the benefits payable thereunder became a part of the decedent's estate. The decedent left no other estate. The trial court found that the plaintiff had incurred expenses for medical care and treatment and for burial expenses for his son in the sum of $1706.56. The court deducted the proceeds from the insurance policies and awarded plaintiff's special damages in the sum of $197.26. In addition thereto the court awarded general damages in the sum of $6500 and costs.

The plaintiff appealed to this court claiming that the court below erred in deducting from the amount of the special damages to which he would otherwise have been entitled the proceeds from the insurance policies. With this we agree. It was the duty of the plaintiff to support his son,[1] if he is able to do so, and that duty is imposed by statute in this State.[2] The duty of support includes the duty of furnishing medical care and treatment. The plaintiff being under a legal duty to pay and discharge the costs of medical care and treatment and for the burial of his son, he is entitled to recover from the defendant those amounts reasonably expended for that purpose. Had there been no insurance the plaintiff would have been entitled to recover his out-of-pocket expenditures for medical care and for burial of his child without question. The fact that the plaintiff at his own expense carried insurance to protect against such contingencies should not inure to the benefit of the wrongdoer.[3]

We are of the opinion that the court below erred in deducting from the amount of special damages to which the plaintiff would otherwise have been entitled the amounts paid by the insurance carriers. The matter is returned to the court below for a modification of the judgment in conformity to this opinion. Plaintiff is entitled to costs.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent, because the opinion sounds like it lays down a rule that the plaintiff can retain the payments made to him by the insurance companies, and also retain the same amounts in collecting on his judgment against the tortfeasor. Had the main

1. Burbidge v. Utah Light & Traction Co., 57 Utah 566, 196 P. 556.
2. 30-2-9, U.C.A.1953; 78-45-3 and 78-45-4, U.C.A.1953.

3. Phillips v. Bennett, 21 Utah 2d 1, 439 P.2d 457.

opinion said the case would be remanded with instructions to the effect that the amount of the judgment representing pro tanto amounts paid by the companies issuing the three policies, (every one of which had a subrogation clause), would be held in trust for the companies that made such payments as their interests appeared, I would have concurred.

The plaintiff here did not have a claim against Hill, since, by virtue of his contracts with his insurance companies, such claim was theirs, by way of subrogation.[1] These insurance contracts were exhibits. The Johanson case is based on an antipathy for multiple suits, but nonetheless it says the claim is not that of the insured, but that of the insurer after the latter's payment to the former.

1. Johanson v. Cudahy, 107 Utah 114, 152 P.2d 98 (1944). See also Forsey v. Hale, 13 Utah 2d 315, 373 P.2d 904 (1962), and its reversal on rehearing at 14 Utah 2d 115, 378 P.2d 358 (1963), with respect to double payment and possible application

Perhaps this dissent is much ado about nothing, since I am convinced that Ottley must hold whatever judgment he gets against Hill as trustee for the insurers in an amount which they paid him. This, of course, leads to the multiplicity of suits that our statute, Title 31–5–15, Utah Code Annotated 1953, and the Johanson case seek to eliminate. The insurance companies in this case would be crazy, under the authorities on subrogation, *not* to sue Ottley to impress a trust on the judgment he received against Hill for the amounts they paid the former for the special damages already paid by the insurers.

The lower court either should be affirmed, or alternatively instructed to impress a trust in favor of the insurers, consonant with the observations of this dissent.

of the "collateral source" principle, upon which the main opinion apparently relies by citing Phillips v. Bennett. That case is inapropos here since it is bottomed, apparently, on the assumption that the insurer had no right of subrogation.